UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PAUL HANEY                                                                               PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:08CV482 DPJ-JCS

CONTINENTAL CASUALTY COMPANY
AND JOHN DOES 1-5                                                                      DEFENDANTS

**ORDER**

This insurance coverage dispute is before the Court on Plaintiff's motion to remand. The Court, having fully considered the parties' submissions and the pertinent authorities, finds that Plaintiff's motion should be denied.

Plaintiff alleges that Defendant Continental Casualty Company ("Continental") wrongfully denied a claim under a professional insurance policy, and he seeks damages for breach of contract and bad faith denial of the claim. In addition to compensatory damages, Plaintiff seeks damages for "mental and emotional distress, interest at the legal rate from and after advising [Defendant] of the claim, reasonable attorneys fees and punitive damages." Complaint at 5. Continental removed the action to this Court on diversity grounds, asserting that, "[g]iven the nature and extent of the claimed damages[,] . . . the plaintiff's complaint states a claim for an amount in excess of $75,000." Notice of Removal ¶ 2.

Plaintiff argues in support of his timely filed motion to remand, that Continental has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Continental contends that the nature and types of claims Plaintiff alleges, coupled with Plaintiff's failure to stipulate that he would not seek more than the jurisdictional amount, conclusively establish that Plaintiff seeks damages in excess of $75,000.

The removing party bears the burden of establishing jurisdictional prerequisites. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "This burden may be fulfilled in one of two ways. First, jurisdiction will be proper if 'it is facially apparent' from the plaintiffs' complaint that [his] 'claims are likely above [$75,000].'" *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the facts-[either] in the removal petition [or] by affidavit-that support a finding of the requisite amount.'" *Id.* (quoting *Allen*, 63 F.3d at 1335). If the defendant carries this burden, the Court deems the jurisdictional amount to have been met unless it appears to a legal certainty that plaintiff's claim does not exceed $75,000. *De Aguilar*, 47 F.3d at 1412; *see also Knowles Publ'g v. Am. Motorists Ins. Co.*, 248 F.3d 1139 (5th Cir. 2001) (unpublished table decision).

Where the complaint is silent regarding the amount of damages, courts may consider the nature of the claims and the types of damages sought. *Allen*, 63 F.3d at 1335. In this instance, the Court notes that "[j]uries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits." *Chambley v. Employers Ins. of Wausau*, 11 F. Supp. 2d 693, 695 (S.D. Miss. 1998). Additionally, punitive damage awards against insurance companies in Mississippi often exceed $75,000. *See, e.g., United Am. Ins. Co. v. Merrill*, 978 So. 2d 613, 636 (Miss. 2007) (affirming

$900,000 in punitive damages); *Liberty Mut. Ins. Co. v. McKneely*, No. 1999-CA-01857-COA, 2001 WL 379996 (Miss. Ct. App. Apr. 17, 2001) (jury award of $200,000 in punitive damages); *see also St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998) (explaining that punitive damage claims are included in calculating the amount in controversy). Furthermore, federal courts in Mississippi have held that claims for an unspecified amount of punitive damages exceed the jurisdictional amount. *See Marcel v. Pool Co.,* 5 F.3d 81, 84-85 (5th Cir. 1993); *Brasell v. Unumprovident Corp.*, No. 2:01CV202-D-B, 2001 WL 1530342 (N.D. Miss. Oct. 25, 2001).

Continental contends that the requisite amount in controversy is facially apparent, but it also provides summary judgment-type evidence to support its position. In particular, Defendant asked Plaintiff in an email to stipulate that the amount in controversy did not exceed jurisdictional minimums. Plaintiff's counsel responded:

> At this time, I cannot say one way or another as to whether the amount in controversy may exceed $75,000 at some point in the future. All I can stipulate to at this time is that, at this time, the amount in controversy is not in excess of $75,000 exclusive of interest and costs. I cannot say that we will not seek more than $75,000 at some point in the future.

Ex. A. to Affidavit of Andrew L. Margulis.

According to Plaintiff, his equivocation does not establish the amount in controversy due to this Court's holding in *Citizens National Banc Corp. v. Directory Assistants, Inc.*, No. 4:07CV81 DPJ-JCS, 2007 WL 4293304, at *2 (S.D. Miss. Dec. 4, 2007). However, Plaintiff reads too much into *Citizens National* which is easily distinguished. In that case, the plaintiff's complaint enumerated the amount of compensatory and punitive damages sought, and the figures fell well short of the jurisdictional amount. Accordingly, the Court observed that "it is not

3

facially apparent that the amount in controversy exceeds $75,000 exclusive of interest and costs." *Id.* Finding that the jurisdictional amount was not facially apparent, the Court turned to the second part of the test to see whether the defendant presented sufficient facts to "support a finding of the requisite amount." *Allen*, 63 F.3d at 1335. The Court concluded that the defendant's proof in *Citizens National* fell short of its burden.

Here, the Court need not determine whether the email exchange satisfied the Defendant's burden under the second prong of the test because "it is facially apparent from the plaintiffs' complaint that [his] claims are likely above [$75,000]." *Garcia*, 351 F.3d at 639 (quotations and citations omitted). As discussed *supra*, juries hearing similar cases in the relevant venue tend to award damages substantially in excess of the jurisdictional amount. *See Reece v. Kanawha Ins. Co.*, No. 1:07CV73-D-D, 2008 WL 906512, at *2 (N.D. Miss. Apr. 2, 2008) (finding it facially apparent that plaintiff's damages exceeded $75,000 where claims included wrongful denial of insurance benefits, bad faith, and punitive damages).[1]

Having satisfied the first prong of the test, the Court "must now determine whether the Plaintiff has shown that, as a matter of law, it is certain that he will not be able to recover more than $75,000." *Id.* at *3; *see also Knowles Publ'g*, 248 F.3d 1139. Plaintiff contends that his e-mail response to Defendant's request for a stipulation establishes that he does not seek more than the jurisdictional minimum. However, Plaintiff's noncommittal response does not establish, as a

---

[1] Plaintiff also cites *Old Republic National Title Insurance Co. v. Transcontinental Title Co.* in support of its contention that Continental cannot meet its burden. No. 2:07CV15-P-A, 2007 WL 2159308 (N.D. Miss. July 26, 2007). In that case, however, the defendant "did not deign it worth his time and effort" to respond to the motion to remand, which prevented the court from finding the amount in controversy was met. *Id.* Conversely, Continental has demonstrated it is facially apparent that Plaintiff's damages exceed $75,000.

matter of law, that his claim does not exceed $75,000.  Therefore, remand to state court is inappropriate.

       IT IS HEREBY ORDERED that Plaintiff's motion to remand is denied.

       **SO ORDERED AND ADJUDGED** this the 2th day of December, 2008.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE